SHEBELL & SHEBELL, LLC
John H. Sanders, II Esq. (036932001)
655 Shrewsbury Avenue, Suite 314
Shrewsbury, New Jersey 07702
Tel:  (732) 663-1122
Fax: (732) 663-1144
Email: jsanders@shebell.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

McILWAIN, LLC a/k/a Timothy )
J. McIlwain, Attorney at Law. )
           )
      *Plaintiff,*    )   CASE NO.:  1:17-cv-01257
           )
   Vs.           )
           )     CIVIL ACTION
HAGENS BERMAN SOBOL SHAPIRO, )
LLP, STEVE W.BERMAN, ESQ., )
ROBERT B. CAREY, ESQ., )
LEONARD W. ARAGON, ESQ., and )
John Does 1-10. )
           )
     *Defendants.*   )
           )

TO:  CLERK OF THE COURT
     Mitchell H. Cohen Building
     & U.S. Courthouse
     4th & Cooper Streets
     Camden, NJ 08101

     Patrick Howard, Esq.
     Saltz, Mongeluzzi, Barrett & Bendesky, P.C.
     120 Gibraltar Road, Suite 218
     Horsham, PA 19044
     ***Attorneys for Defendants, Steve W. Berman, Esq. and Hagens***
     ***Berman Sobol Shapiro, LLP***

PLAINTIFF'S OPPOSITION TO DEFENDANT, HAGENS BERMAN SOBOL
SHAPIRO'S, MOTION TO DISMISS OR TRANSFER

John H. Sanders, II, Esq.
(036932001)
SHEBELL & SHEBELL, LLC
655 Shrewsbury Avenue, Suite 314
Shrewsbury, NJ    07702
(732) 663-1122
Attorneys for Plaintiff,
McIlwain, LLC a/k/a Timothy J.
McIlwain, Attorney at Law

On the Brief:
JOHN H. SANDERS, II, ESQ.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMEMNT . . . . . . . . . . . . . . . . . . 1

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    A. There is obvious specific jurisdiction over Defendant
       Hagens Berman in this case. . . . . . . . . . . . . . 9

    B. New Jersey is a proper venue for this case . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 17

## TABLE OF AUTHORITIES

Cases                                                              Pages

Abel v. Kirbaran, 267 F. App'x 106, 108 (3d Cir. 2008) . . . 10

Am. Bd. of Int. Med. v. Rushford, No. 14-cv-6428,
2015 U.S. Dist. LEXIS 116861, 2015 WL 5164791
(D.N.J. Sept. 2, 2015) . . . . . . . . . . . . . . . . . . . 12

Asahi Metal Indus. Co. v. Superior Court of California,
480 U.S. 102, 109, (1987) (quoting Burger King,
471 U.S. at 475) . . . . . . . . . . . . . . . . . . . . . . 11

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472,(1985)
. . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 . . . . . . . 10

Gore v. United States Steel Corp., 15 N.J. 301,] 311,
104 A.2d 670 [(1954) . . . . . . . . . . . . . . . . . . . . 15

Hart v. Electronic Arts,  Inc., 717 F.3d 141
      (3rd Cir. 2013) . . . . . . . . . . . . . . . . . . . . 2

HS Real Co., LLC et al. v. Sher, 526 F. App'x 203, 206
(3d Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . 10

Kurzke v. Nissan Motor Corp. in U.S.A., 164 N.J. 159,
170 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . 15

Mastondrea v. Occidental Hotels Management, S.A., 391 N.J.
Super. 261, 268, 918 A.2d 27 (App. Div. 2007) (citing Burger
King, 471 U.S. at 475) . . . . . . . . . . . . . . . . . 11, 15

One World Botanicals v. Gulf Coast Nutritionals, 987 F. Supp.
317, 323 (D.N.J. 1997) . . . . . . . . . . . . . . . . . . . 12

Vanz, LLC v. Mattia & Associates, No. 13-cv-1392, 2014 U.S.
Dist. LEXIS 39739, 2014 WL 1266220 at *2-3 (D.N.J. Mar. 26,
2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317, 318
(3d Cir. 2007) . . . . . . . . . . . . . . . . . . 10, 11, 12

Zacchini v. Scripps-Howard Broadcasting Co.,
433 U.S. 562 (1977) . . . . . . . . . . . . . . . . . . . . . 3

iii

## I.    PRELIMINARY STATEMENT

Defendant Hagens Berman Sobol Shapiro Law Firm's named partner and co-defendant, Steve Berman, filed a similar motion to dismiss or transfer that misleads this tribunal in violation of the Rules of Professional Conduct ("RPC")8.4 and should be sanctioned as a Rule 11 violation because Defendants representations are knowingly false.  First, New Jersey based Plaintiff was contacted by the Defendants on multiple occasions wherein the communications ranged from solicitation to threat to bribe. See Exhibit A & C and as set forth in more detail below. Therefore, Defendants' position on no jurisdiction is frivolous at best fraudulent at worst.

Second, Judge Wilkin specifically stated that the Northern District of California will not address the issue and Plaintiff attached the Judge's ruling to the Complaint for this reason. This dispute was not resolved.  Third, there is no evidence that Mr. Hart rejected the settlement.  Finally, Defendants' entire application and reply argue issues of fact.

## II.   INTRODUCTION

As asserted in Plaintiff's opposition to Defendant Steve Berman's motion, Plaintiff, McIlwain, LLC, is a solo practicing lawyer in New Jersey seeks to enforce a contract entered into

1

between Plaintiff and Defendant Hagens Berman Sobol Shapiro Law Firm "Hagens Berman" and Defendant Steve Berman, Esq. "Berman", individually, as a result of mutually litigated matters pending in New Jersey, among other claims.  The agreement among Plaintiff and Defendants came about after both parties advanced two (2) separate matters that became known as groundbreaking litigation in New Jersey against Electronic Arts, Inc., a video game company, for its unauthorized use of the names, images and likenesses of NCAA college football athletes, which violated their rights of publicity in video games.

The Plaintiff's clients' case, Hart v. Electronic Arts, Inc., eventually was argued before the United States Court of Appeals for the Third Circuit ("3rd Circuit") in September 2012. With no direct precedent, the Plaintiff was able to convince the Third Circuit court to allow the matter to go forward on the unique right of publicity ("ROP") cause of action.

On May 21, 2013 the 3rd Circuit rendered its decision, permitting athletes to proceed on an ROP cause of action for these claims against video game companies. (See eg. Hart v. Electronic Arts,  Inc., 717 F.3d 141 (3rd Cir. 2013)). The ramifications of this 3rd Circuit opinion, which reversed summary judgment entered by the District Court and explicitly allowed these claims to be brought, was a shockwave to the video game

2

industry.  Electronic Arts' claim to First Amendment protection
over the use of player likenesses and data was explicitly
overruled by the 3rd Circuit, making it the highest Court to rule
on the issue (It is worth noting the United States Supreme Court
only addressed the ROP issue in the matter of Zacchini v.
Scripps-Howard Broadcasting Co., 433 U.S. 562 (1977)).

### III. STATEMENT OF FACTS

At the same time that the Plaintiff was pursuing a putative
class action in New Jersey for his client and the putative
class, which would now go forward, Defendant lawyer Steve Berman
and his national mega-law firm Defendant Hagens Berman Sobol
Shapiro, LLP were pursuing a nationwide class action against
Electronic Arts, Inc. making similar allegations.  Defendant
Hagens Berman and its Keller clients were the direct beneficiary
of the clear language set forth in Circuit Judge Greenaway's 62
page opinion in Hart v. Electronic Arts, Inc., as Berman/Hagens
Berman's case Keller v. Electronic Arts, Inc., was held up and
still proceeding as undecided in the United States Court of
Appeals for the Ninth Circuit on the same issues for another two
months.

Significantly, the Keller appeal was decided on July 13,
2013.  Therefore, the Hart case was in the lead to move for
class certification and was the larger class action with all

NCAA athletes from 2003 to present.  Relying heavily on the reasoning and arguments brought in the Hart appeal, the Ninth Circuit ruled in favor of Keller with a much shorter opinion, allowing the claims to go forward.

The Keller case had been pursued and litigated as a nationwide class action lawsuit.  The appeal was Electronic Arts, Inc.'s seeking to reverse a District Court decision to allow the case to go forward.  The Hart case was also filed as a nationwide class action lawsuit; however, New Jersey's six (6) year statute of limitation created a sub-class for non-statutory damages that ultimately boosted the class and added up to six million dollars ($6,000,000) to a forty million dollar ($40,000,000) settlement.

Ultimately, the Hart appeal was a more difficult task since it required the reversal of a District Court decision that dismissed the action completely.  Importantly, the Hart case emerged from the Third Circuit ruling poised to certify its class that would have essentially swallowed the Keller case because Plaintiff had class representatives from 2003 through 2014.

In June and July of 2013, attorney and managing partner from Hagens Berman, Robert Carey, reached out to the Plaintiff multiple times, attempting to intimidate the New Jersey

4

Plaintiff into reaching a co-counseling agreement.  See Exhibit A, June 7, 2013 email from Robert Carey "If you are simply set on having a fight to control the class, we are comfortable intervening in your case and seeking lead counsel appointment on your case."  See also Exhibit B, including July 12, 2013 email from Robert Carey offering fees from the Keller case "The other thing is that we would be happy to add you to our Keller case if we can do a deal, which I assume if things shift to Keller that your work there is wholly independent from any claims others might have on Hart."

Unable to convince the Plaintiff to agree to work with them, the Defendant law firm filed Alston v. Electronic Arts, Inc. on August 27, 2013, in an attempt to interfere with the Hart case proceeding to class certification ahead of Defendants' Keller case.  Defendant's filing of the Alston case was ultimately fruitless, and at its heart a frivolous case because the class representative, Alston, had no connection to New Jersey and was purported by Hagens Berman to represent a class of New Jersey citizens. (See Exhibit C, page 1 and page 3, Complaint from Alston v. Electronic Arts, Inc., filed by Steve Berman and Hagens Berman Sobol Shapiro, LLP.).

Alston was filed two weeks before the mediation of the Keller and Hart cases.  Mediation, which took place on

September 10, 2013 resulted in a "settlement in principle" of the entire Electronic Arts litigation, including the claims from both Keller, Alston (which the Defendant falsely claims in this motion to have been dismissed shortly after being filed), and Hart cases. (See Exhibit D, Term Sheet). The case was completed subject to Plaintiffs' counsel reaching an agreement on the division of counsel fees.

Prior to the proposed $40,000,000 mediation settlement being completed, on September 24, 2013 Defendant Berman entered into the agreement with Plaintiff's co-counsel at the Lanier Law Firm, Eugene Egdorf, concerning the settlement and the split of counsel fees between the firms. (See Exhibit E, Agreement previously attached to the Plaintiff's complaint as Exhibit A). The fee agreement is clear and unambiguous and calls for a fee split that "from any joint award to our collective group, irrespective of the methodology, substance and distribution ordered by the Court, we agree that 60% of such fees will be paid to Hagens Berman, and the remaining 40% to Lanier and McIlwain". (Id.) Defendant, through partner Steve Berman, who is a co-Defendant here, also agreed that "[w]e agree to support each other concerning the substance and merits of our fee submissions". (Id.)

6

Co-Defendant Berman a principle partner of the firm, himself assented to the agreement, stating "This is agreed" using Hagens Berman law firm email.  (Id.)  Berman did this when both New Jersey cases were pending (Hart & Alston).  Berman had full knowledge that the agreement concerned a New Jersey case, involving a New Jersey class of plaintiffs who were located in New Jersey, and a New Jersey attorney, who was representing that sub-class of New Jersey plaintiffs as far back as 2003 (whereas Keller's class was limited to claims accruing in or after 2007). Further, that Hagens Berman had initiated the Alston lawsuit in New Jersey less than a month before making identical claims to those in Hart, in a clear effort to do business in and impact the rights of New Jersey citizens.

The final settlement of the Keller and Hart cases, which was finalized in 2014 with different counsel for Hart, were described by co-Defendant Hagens Berman as "substantively analogous" to the settlement reached at the September 26, 2013 mediation, because it was for the same amount.  (See Exhibit C, Order for Attorneys' Fees, page 9, previously attached to the Plaintiffs complaint as Exhibit B.)  The case came before the Northern District of California, where it was venued on the consent of all parties following the fee-split agreement of September 24, 2013.  Defendant Hagens Berman Sobol Shapiro

completely failed to support the substance or the merits of the fee submission from the Plaintiff.

The Plaintiff vehemently tried to bring the issue of the fee split agreement to the District Court. The Court acknowledged the existence of, but did not consider or rule on any issues related to the agreement whatsoever. (See Exhibit F, page 17 and supra). Notably, the only party who brought the issue to the Court at all was the Plaintiff and no Defendant asked for resolution of any issues related to the agreement, which was clearly outside of the scope of the Court's rulings concerning the value of the attorney fees.

By the terms of the underlying agreement, the District Court's calculation of attorney fees was immaterial to the fee split was to take place "**irrespective of the methodology, substance and distribution** ordered by the Court…" (See Exhibit E, page 1) Plaintiff relied upon the agreement entered into by the Defendant in all of his conduct after the agreement was made.

Defendant Hagens Berman brings this motion arguing that he never took any actions to subject itself to the jurisdiction of the New Jersey courts. This, despite the firm's actions in the underlying case including direct negotiations with the Plaintiff in New Jersey, the filing of the related Alston case, and

despite that attorneys from the firm have appeared in New Jersey as pro hac vice counsel in other class action cases.

Defendant argues that the District Court, who issued a 52 page opinion on the counsel fee issues in this matter, without making any decision concerning the fee splitting agreement in its opinion, ruled on the fee splitting agreement.

A principal from the Defendant's firm made an agreement with a New Jersey attorney concerning a New Jersey case.  The State of New Jersey has a clear interest in retaining jurisdiction of this breach of contract matter against Defendant Berman which should remain in New Jersey.

The motion of Defendant Hagens Berman should be denied.

## II.   ARGUMENT

### A.   There is obvious jurisdiction over Defendant Hagens Berman in this case

Hagens Berman does business in the courts of New Jersey, repeatedly and systematically, by and through attorneys appearing in New Jersey to represent New Jersey citizens in class action lawsuits.  In this case, the Defendant law firm aggressively pursued a fee arrangement with the New Jersey Plaintiff, including threatening to file a local New Jersey lawsuit if he did not cooperate and to attempt to overtake the class.  When Plaintiff refused to enter into agreement with the

Defendant, the firm filed a New Jersey lawsuit, the Alston case, which was directly related to the Plaintiff's Hart case, and which was part of and subject to the same settlement.

"Specific jurisdiction is established when a non-resident defendant has 'purposefully directed' his activities at a resident of the forum and the injury arises from or is related to those activities." Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, (1985)). In other words, specific jurisdiction exists where the "cause of action arises out of the defendant's forum-related activities, such that the defendant should reasonably anticipate being hauled into court in that forum." Abel v. Kirbaran, 267 F. App'x 106, 108 (3d Cir. 2008).

Three elements must be met to establish specific jurisdiction. HS Real Co., LLC et al. v. Sher, 526 F. App'x 203, 206 (3d Cir. 2013):

> 1.   The defendant "must have purposefully availed itself of the privilege of conducting activities within the forum." Id. (internal citations and quotations omitted).
>
> 2.   The "plaintiffs' claims must arise out of or relate to at least one of the contacts with the forum." Id. (internal citations and quotations omitted).
>
> 3.    Whether the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007).

To satisfy the first element of personal jurisdiction, a plaintiff must provide evidence of "'some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" <u>Asahi Metal Indus. Co. v. Superior Court of California</u>, 480 U.S. 102, 109, (1987) (quoting Burger King, 471 U.S. at 475).  Essentially, a plaintiff must show that the non-resident defendant "deliberate[ly] target[ed] . . . the forum." <u>Sandy Lane</u>, 496 F.3d at 317. "The purpose of the requirement of evidence of purposeful acts is to ensure that a defendant will not be subject to a forum's jurisdiction solely on the basis of random or attenuated contacts or of the unilateral activity of another person or entity." <u>Mastondrea v. Occidental Hotels Management, S.A.</u>, 391 N.J. Super. 261, 268, 918 A.2d 27 (App. Div. 2007) (citing <u>Burger King</u>, 471 U.S. at 475).

Despite Defendant Hagens Berman's principle place of business being outside of New Jersey, it is clear that these facts are irrelevant in determining whether the firm purposely availed itself of the privileges and rights or doing business in and with New Jersey residents.  It clearly has acted on multiple occasions in trying to impact the rights of New Jersey citizens by appearing as pro hoc vice counsel in the state and

representing New Jersey citizens.  Obviously, a defendant need
not be physically present in a state to have availed himself of
the privilege of conducting activities there. See, e.g., Burger
King, 471 U.S. at 472.

Our Courts have found that a defendant purposefully availed
itself of the forum state where the defendant has reached into
the state remotely, such as via telephone or e-mail
communications. See, e.g., Sandy Lane Hotel Co., Ltd., 496 F.3d
at 318 (finding that a defendant "deliberately reached into" the
forum state by mailing a brochure to the state's residents and
exchanging phone calls to secure an agreement); One World
Botanicals v. Gulf Coast Nutritionals, 987 F. Supp. 317, 323
(D.N.J. 1997) (finding sufficient minimum contacts with the
forum state based upon defendant's one-time shipment of products
into the forum in response to a fax order received from the
forum); Vanz, LLC v. Mattia & Associates, No. 13-cv-1392, 2014
U.S. Dist. LEXIS 39739, 2014 WL 1266220 at *2-3 (D.N.J. Mar. 26,
2014) (Wiggenton, J.) ("Various forms of communications between
parties, including written correspondence, telephone calls, and
emails, factor into the minimum contacts analysis.") (quotations
omitted); Am. Bd. of Int. Med. v. Rushford, No. 14-cv-6428, 2015
U.S. Dist. LEXIS 116861, 2015 WL 5164791 (D.N.J. Sept. 2, 2015)
(Hayden, J.) (finding defendant purposefully availed itself of

12

the forum state by sending e-mails and placing a phone call into that state).

Here, Defendant Hagens Berman aggressively pursued an agreement with the Plaintiff, a New Jersey attorney regarding class action litigation that the Plaintiff was pursing in New Jersey.  Then, the firm intentionally filed a lawsuit in the New Jersey Federal Court.  The firm has submitted a pro hac vice certification application here in the State of New Jersey.

Then, the firm entered into an agreement with the New Jersey counsel.  None of these facts are disputed.  Defendant Hagens Berman had purposeful activities directed at New Jersey, as Plaintiff alleged in the complaint.

This whole case concerns Hagens Berman's activities in attempting to avoid contracting with, then contracting with and violating a contract with a New Jersey attorney concerning specific legal subject matter.  First, the firm tried to negotiate with him, then it tried to take a class from him, then they agreed to split fees with him.  Finally, it broke its agreement with him and split fees – at a much lower rate than its agreement with the Plaintiff - with a different New Jersey lawyer and law firm.  These are all purposeful contacts and all establish jurisdiction for the State of New Jersey.

The Defendant's filing of <u>Alston</u> directly concerned an attempt to subvert the Plaintiff's putative class in the <u>Hart</u> case, and directly concerns activities which gave rise to this lawsuit. This is clear evidence that New Jersey has personal jurisdiction over him for this matter. Thus, including his negotiations and agreement with New Jersey counsel, The Plaintiff's claims "arise under" and "relate to" the same course of conduct by Defendant Hagens Berman as that availed themselves of the jurisdiction of this court.

Finding jurisdiction as to Hagens Berman does not violate any notions of fair play and justice. Defendant's attorneys have been and are admitted pro hac vice counsel in New Jersey. Defendant Hagens Berman has filed lawsuits seeking to represent New Jersey citizens. Defendant Hagens Berman directed communications entering into an agreement for counsel fees with New Jersey attorneys.

The notion that a large class action law firm who comes to New Jersey and represents or seeks to represent people in New Jersey, and who enters into agreements with lawyers in this jurisdiction to facilitate that representation would even argue that he could force people to sue him in Washington State is offensive to any notion of fair play and justice. Defendant Berman wants to handle cases and make deals with lawyers here in

New Jersey.   Thus, jurisdiction is appropriate here against him and this motion should be denied.

**B.  New Jersey is a proper venue for this case.**

A plaintiff's choice of forum "may not be defeated upon a mere balance of conveniences." Kurzke v. Nissan Motor Corp. in U.S.A., 164 N.J. 159, 170 (2000)(citations omitted). As the Kurzke Court observed:

New Jersey courts should be especially accommodating to their own citizens seeking justice at home. "[A]n action by or against a resident will ordinarily not be dismissed as being in an inconvenient forum . . . ." [Gore v. United States Steel Corp., 15 N.J. 301,] 311, 104 A.2d 670 [(1954).] Although domestic residence is not decisive, "there is a strong presumption in favor of retaining jurisdiction where the plaintiff is a resident who has chosen his [or her] home forum." D'Agostino, supra, 225 N.J. Super. at 262, 542 A.2d 44 (citation omitted). (see also Mastondrea v. Occidental Hotels Management S.A., 391 N.J. Super. 261 (App. Div. 2007) (Venue in New Jersey proper against a Mexican hotel where the plaintiff fell at a hotel in Mexico)).

As is noted above, there is absolutely no indication whatsoever in the 52 page opinion issued by District Judge

15

Wilken of the United States district Court for the Northern District of California indicating that there was an interest in that Court to resolving this contractual fee-splitting issue. In fact, it was the Plaintiff who attempted to bring that issue before that Court, which attempt was noted and ignored. Notably, there is no evidence at all that any attorney from Hagens Berman did anything to attempt to have that issue resolved by Judge Wilken or that he believed that California was the appropriate forum for the adjudication of a breach of contract issue at any time before being sued in New Jersey.

Finally, the agreement for the fee split was to take place "irrespective" of the decision of the California Court where the fee amounts were eventually determined. The whole purpose of the agreement was to maximize the amount of the counsel fee, with the majority going to Defendant Berman and his law firm, and 40% going to the Plaintiff and his co-counsel. Thus, the California Court and jurisdiction for the handling of the agreement was not part of the agreement, nor is it relevant to a claim for breach of the agreement.

As a matter of law, this request for transfer of venue has no merit in New Jersey law, which liberally permits a New Jersey resident to seek "justice at home". At the heart of this case, the Defendant tried to steal a New Jersey case from a New Jersey

16

attorney by filing a similar lawsuit pro hac vice in New Jersey. The Defendant realized that it was not feasible and made an agreement with the New Jersey attorney to share fees on the case, then broke the agreement, causing the New Jersey attorney to suffer damages in New Jersey.  The suggestion that a New Jersey attorney under those circumstances should have to go to California or Washington State to seek relief is antithetical to our entire system of justice and completely inconsistent with New Jersey law.

### III. CONCLUSION

For these reasons, the Motion of Defendant Hagens Berman to dismiss or to transfer must be denied.

Dated: February 5, 2018

BY: /s/ John H. Sanders II
JOHN H. SANDERS, II, ESQ.
(Attorney ID 036932001)
SHEBELL & SHEBELL,L.L.C.
655 Shrewsbury Avenue
Suite 314
Shrewsbury, NJ 07702
Tel: (732) 663-1122
Fax: (732) 663-1144
jsanders@shebell.com
*Attorneys for Plaintiffs,*
*McIlwain, LLC a/k/a*
*Timothy McIlwain,*
*Attorney-at-Law*

SHEBELL & SHEBELL, LLC
John H. Sanders, II Esq. (036932001)
655 Shrewsbury Avenue, Suite 314
Shrewsbury, New Jersey 07702
Tel: (732) 663-1122
Fax: (732) 663-1144
Email: jsanders@shebell.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| McILWAIN, LLC a/k/a Timothy J. McIlwain, Attorney at Law. )<br><br>*Plaintiff,* )<br><br>Vs. )<br><br>HAGENS BERMAN SOBOL SHAPIRO, LLP, STEVE W.BERMAN, ESQ., ROBERT B. CAREY, ESQ., LEONARD W. ARAGON, ESQ., and John Does 1-10. )<br><br>*Defendants.* ) | CASE NO.: 1:17-cv-01257<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF SERVICE** |

    I hereby certify that I electronically filed the within brief and this certificate of service with the Clerk of the United States District Court and that a copy of these documents will be sent via CM/ECF to:

    Patrick Howard, Esq.
    Saltz, Mongeluzzi, Barrett & Bendesky, P.C.
    120 Gibraltar Road, Suite 218
    Horsham, PA 19044

I declare under penalty of perjury that the foregoing is true and correct.

BY:     s/ John H. Sanders, II
         JOHN H. SANDERS, II


DATED: February 5, 2018