## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MCILWAIN, LLC a/k/a TIMOTHY MCILWAIN, Attorney-at-Law | Case No. 1:17-cv-01257 |
| Plaintiff | |
| V. | **MOTION DATE: February 20, 2018** |
| HAGENS, BERMAN, SOBEL, SHAPIRO LLP, STEVE BERMAN, ESQ., ROBERT B. CAREY, ESQ., LEONARD W. ARAGON, ESQ., and JOHN DOE(S), 1-10 (fictitiously named Defendant(s), | |
| Defendants. | |

## DEFENDANT HAGENS BERMAN SOBOL SHAPIRO'S REPLY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER

Simon B. Paris
Patrick Howard
Charles J. Kocher
**SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Phone: (215) 496-8282
Fax: (215) 496-0999
sparis@smbb.com
phoward@smbb.com
ckocher@smbb.com

Counsel for Defendant Hagens Berman Sobol Shapiro LLP

## **<u>TABLE OF CONTENTS</u>**

I.   Statement of Relevant Facts ...............................................................................1

   A.   This dispute arose in California and was resolved by Judge Wilken.........2

   B.   Plaintiff did not substantively contribute to the settlement.......................4

   C.   Mr. Hart rejected the settlement, fired Plaintiff, and hired new counsel before accepting the revised settlement. ...........................................................6

II.   Argument........................................................................................................6

   A.   Plaintiff's Rule 11 allegations are improper. .............................................6

   B.   Hagens Berman is not subject to personal jurisdiction by filing, but not litigating, a case in the forum and receiving an e-mail drafted fromTexas concerning parties across the country, including one New Jersey resident.......9

      1.   Hagens Berman is not subject to New Jersey jurisdiction because its attorneys have appeared as pro hac vice in other, unrelated matters. ........9

      2.   Hagens Berman did not avail itself of the privileges of conducting business in New Jersey by occasionally communicating with a local attorney regarding a California class action. ...........................................10

      3.   Because Plaintiff's claims do not arise out of the *Alston* case, Hagens Berman is not subject to New Jersey jurisdiction by filing, but not litigating, the case in the forum. ........................................................13

   C.   The Northern District of California is the appropriate venue. .................14

III.   Conclusion...................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alston v. Electronic Arts Inc.*
   (Case No. 13-cv-05157) ...............................................................*passim*

*Am. Bd. of Int. Med. v. Rushford,*
   2015 WL 5164791 (D.N.J. Sept. 2, 2015) .......................................13

*Christie v. National Institute for Newman Studies, et al.,*
   258 F.Supp.3d 494 (D.N.J. 2017) ....................................................14

*Faber v. Condecor Inc.,*
   477 A.2d 1289, 195 N.J. Super. 81 (App. Div. 1984) ....................5, 6

*HS Real Co., LLC et al. v. Sher,*
   526 F.App'x 203 (3d Cir. 2013) .......................................................9

*Job Haines Home for the Aged v. Young,*
   936 F.Supp. 223 (D.N.J 1996) .........................................................15

*One World Botanicals v. Gulf Coast Nutritionals,*
   987 F.Supp. 317 (D.N.J. 1997) ........................................................12

*Vanz, LLC v. Mattia & Associates,*
   2014 WL 1266220 (D.N.J. March 26, 2014) ....................................12

**Statutes**

28 U.S.C. § 1404, 1406 ...........................................................................14

California Civil Code § 3344 ....................................................................5

Hagens Berman's motion should be granted for two reasons. First, this Court does not have personal jurisdiction over Hagens Berman. According to the Complaint, all substantive communications regarding the alleged contract, including negotiations, formation, and execution took place outside New Jersey. Hagens Berman filed a lawsuit in New Jersey, but the parties stayed the New Jersey action and litigated the case entirely in the Northern District of California. These tenuous contacts do not subject Hagens Berman to personal jurisdiction in New Jersey.

Second, even if this Court has personal jurisdiction, the appropriate venue is the Northern District of California. The Honorable Claudia Wilken presided over the underlying case for nearly a decade, has considered the <u>exact</u> arguments raised by Plaintiff here, and rejected them. The alleged contract at issue arose in California and the parties to the contract conducted substantial business in California, including litigating the nationwide class action underlying this dispute.

For these reasons, Hagens Berman respectfully requests the Court dismiss it as a defendant or transfer the case to the Northern District of California.

## I.   Statement of Relevant Facts

Plaintiff's statement of facts, unsupported by citations, contains numerous false and misleading statements based on information not found in the Complaint. Hagens Berman reserves the right to challenge these statements in the future, but a detailed counter-statement is unnecessary at this time because Plaintiff does not

refute the statement of facts (supported by citations to the Complaint and public filings) in Hagens Berman's Motion to Dismiss or Transfer. Mot. pp. 3-11. Hagens Berman will therefore only address Plaintiff's false and misleading statements relevant to this Motion.

**A.     This dispute arose in California and was resolved by Judge Wilken.**

Hagens Berman's contacts with Plaintiff related to the contract took place primarily in the Northern District of California, including Plaintiff's own efforts to negotiate and enter into a contract with Hagens Berman to litigate his underlying claims in the Northern District of California. *Compl.* pp. 5-6 ¶ 14. Plaintiff and Hagens Berman met in San Francisco to discuss resolving all claims against Electronic Arts and the NCAA in the Northern District of California. *Id.* Following their June 13 meeting in San Francisco, Mr. Egdorf drafted an e-mail in Texas detailing the alleged contract and sent it to Mr. Berman in Washington. *See Compl.* p. 5 at ¶ 9. Mr. Egdorf copied Plaintiff on the e-mail and Mr. Berman acknowledged the terms on behalf of Hagens Berman. Based on Plaintiff's own allegations, all substantive communications between Plaintiff and Hagens Berman regarding the alleged agreement took place outside New Jersey.

Plaintiff now points to two e-mails outside the complaint. As set forth below, it is improper to attach or consider facts not alleged in the complaint and they should be ignored or, to the extent they are considered, this motion should be converted to a

motion for summary judgment under Rule 12(d).[1] If the Court considers the emails, they are irrelevant because they do not discuss the contract at issue. The emails discuss the potential opportunity for Plaintiff and Defendant to work together on the case generally, Defendant's concern Plaintiff may jeopardize the class, and Plaintiff's bizarre behavior in choosing a firm to help him litigate the case. *See* Resp. Exs. A and B. Because the e-mails do not discuss or otherwise relate to the contract at issue, they can be ignored.

Plaintiff also incorrectly states in his Response that "the Court acknowledged the existence of but did not consider or rule on any issues related to the agreement whatsoever." Resp. p. 7. This is incorrect. Judge Wilken considered and addressed the exact arguments Plaintiff presents here. *See* Resp. Ex. F, p. 17. Judge Wilken found—after acknowledging Plaintiff's submission of the alleged agreement to the Court—that Plaintiff was not entitled to the fee award he requested under the agreement. *Id.* at 31.

The only other potentially relevant nexus between Hagens Berman and New Jersey is *Alston v. Electronic Arts Inc.* (Case No. 3:13-cv-05157), a putative class action filed in the District of New Jersey. The case, however, was never litigated in New Jersey. The Honorable Freda L. Wolfson stayed the case on February 18, 2014,

---

[1] To the extent the Court does rule on the matters outside the pleading, Defendant Hagens Berman requests leave to seek additional discovery.

at the request of the parties so they could pursue the case in the Northern District of California. *See Alston* Dkt. 13. Judge Wolfson stayed the case before Electronic Arts answered or otherwise responded to the complaint and without ruling on the parties' pro hac vice motions. *Id*. The parties then litigated the case in the Northern District of California, adding Mr. Alston as a putative class representative and moving for certification of a nationwide settlement class. *Keller,* Dkt. 1243 at ¶ 4 ("Order Granting Final Approval of Class Action Settlement and Final Judgment."). Judge Wilken approved the motion and appointed Mr. Alston as a class representative for the "*Hart/Alston* Right of Publicity Class" under New Jersey law. *Id*. All substantive litigation regarding *Alston* took place in the Northern District of California.

**B.    Plaintiff did not substantively contribute to the settlement.**

Plaintiff overstates his contribution to the settlement. *See, e.g.*, Resp. Ex. F, p. 31 ("The Court finds little evidence that the *Hart* litigation [Plaintiff's case] contributed to the common fund."). Contrary to his unsupported statement in the response, Plaintiff was not prepared to move for class certification after the Court of Appeals remanded *Hart*. Mot. at 2-3. Plaintiff failed to conduct any discovery while the case was on appeal and was in no position to move for class certification of a nationwide class. Mot. Ex. 1. In contrast, the parties in the nationwide class action: (1) took dozens of depositions, (2) reviewed over 257,000 documents, (3) exchanged thousands of e-mails with class members, third parties, co-counsel, and

opposing counsel, (4) resolved dozens of substantive discovery disputes, (5)

propounded and responded to hundreds of requests for production, interrogatories,

and requests for admission, and (6) generally litigated the case aggressively for over

six years while the appeal was pending in the Ninth Circuit. *Id.* at 4-5. Hagens

Berman also subpoenaed all relevant NCAA schools in the country and obtained

92,732 addresses of potential settlement class members and created a database

matching class members to their game-avatars. *Id*. at 16. Without this discovery and

substantial work product, which Defendant obtained or created over a six-year

period, Plaintiff was in no position to move for class certification.

Plaintiff also alleges in his Response that *Hart* overwhelmed the *Keller* case

because New Jersey has a longer statute of limitations. This is a baseless assertion.

California offered statutory damages of $750.00 per violation, disgorgement,

punitive damages, and attorneys' fees and costs. *See* Cal. Civ. Code § 3344(a).

These remedies were not available in New Jersey, as New Jersey only has a

common law right of publicity. *See, e.g., Faber v. Condecor Inc*., 477 A.2d 1289,

195 N.J. Super. 81 (App. Div. 1984). Class members who recovered under the

California statute received substantially more than those who could only recover

under the New Jersey statute as reflected in the settlement distribution.[2] Further,

---

[2] http://www.ncaa-ea-likeness-settlement.com/media/263419/v9_ncel1_
notice_022015_final.pdf, last visited 1/28/2018, Settlement Long Form Notice.

Plaintiff disparages *Alston*, but Mr. Alston successfully prosecuted a nationwide settlement class, was appointed class representative for claims arising under New Jersey law, and received an incentive award for his work. *Keller* Dkt. 1243 at ¶ 4.

### C.   Mr. Hart rejected the settlement, fired Plaintiff, and hired new counsel before accepting the revised settlement.

Plaintiff's Response claims, "there is no evidence that Mr. Hart rejected the settlement." Resp. p. 1. This is misleading. Mr. Hart provided an affidavit stating he terminated his professional relationship with Plaintiff when Plaintiff conducted settlement negotiations *ultra vires* and signed a term sheet without Mr. Hart's permission. *See* Ex. 1, ¶¶ 6-7. When Mr. Hart learned of the proposed settlement, he fired Plaintiff and hired new counsel. *Id.* Hagens Berman had to re-educate Mr. Hart's new counsel regarding the proposed settlement, re-negotiate new terms—both substantive terms in the settlement agreement and a division of fees between various counsel—and obtain Mr. Hart's approval. *Id.* Plaintiff's actions with regard to Mr. Hart jeopardized, complicated, and altered the settlement for the entire class.

## II.   Argument

### A.   Plaintiff's Rule 11 allegations are improper.

As a threshold matter, Plaintiff's Response disparages Hagens Berman and improperly requests sanctions under Rule 11. There are protocols in place for asserting Rule 11 allegations, which Plaintiff failed to follow in making his baseless accusations. Fed. R. Civ. P. 11(c)(2) ("A motion for sanction must be made

separately from any other motion."). Even if he had followed the Federal Rules, Plaintiff's allegations are meritless.

First, Hagens Berman's attorneys never threatened, bribed, or solicited Plaintiff. A plain reading of the e-mails attached to his Response show that attorneys from Hagens Berman acted professionally at all times when they tried to open a dialogue to discuss working together on the case generally. The e-mails reflect Hagens Berman's concern that Plaintiff could jeopardize the nationwide class and the Firm's efforts to work with Plaintiff to protect the class. There is no mention of the contract at issue here.

Second, Hagens Berman has a good faith belief Judge Wilken considered and rejected Plaintiff's claims. The Court rejected Plaintiff's right to intervene in the underlying case, but this did not preclude her from considering the alleged fee split. Resp. Ex. H, p. 17 fn 7. Under Rule 23(e)(3), the parties seeking approval of a settlement class must file a statement identifying any agreement made in connection with the proposed settlement, including any agreement between counsel. *See* Fed. R. Civ. P. 23(e)(3). As set forth below, Judge Wilken considered the agreements between counsel for Hart and Plaintiff, and adjusted the respective fee awards to reflect Hart's minimal contributions to the case. Resp. Ex. H, pp. 17, 31. Based on the Court's ruling, the Court rejected Plaintiff's claim for 40% of the fees.

But even if Judge Wilken did not resolve Plaintiff's contract claim, there is no dispute Plaintiff presented the issue to Judge Wilken thereby acknowledging she is the appropriate person to hear the case. Indeed, Plaintiff sought to intervene in the underlying case to present the issue. *Keller* Dkt. 1193. He was not allowed to intervene because he has "no personal interest to protect in the subject matter of the lawsuit," not because the court lacked subject matter jurisdiction or that another court should hear the matter. Resp. Ex. H, at 17, n. 7. Judge Wilken is the only person who can clarify her order and explain whether she refused to consider Plaintiff's claim as he argues, rejected the agreement as Hagens Berman believes, or considered the agreement and used it as the basis to adjust the fee awards. In any event, Judge Wilken is in the best position to adjudicate Plaintiff's claims.

Third, Plaintiff alleges: "there is no evidence that Mr. Hart rejected the settlement." Hagens Berman cites to the public record showing Mr. Hart rejected the Settlement. Resp. at 1. On October 21, 2013, Mr. Hart submitted a declaration stating that Plaintiff kept him from mediation--despite his willingness to attend, did not inform him that a settlement had been reached, and did not know what had occurred with regard to the settlement. Ex. 1, ¶¶ 5-9. After Plaintiff avoided Mr. Hart's communications regarding the settlement, Mr. Hart terminated him as counsel. *Id.* at ¶¶ 10-14. Plaintiff's allegations to the contrary are meritless.

**B.     Hagens Berman is not subject to personal jurisdiction by filing, but not litigating, a case in the forum and receiving an e-mail drafted from Texas concerning parties across the country, including one New Jersey resident.**

Plaintiff does not dispute this Court does not have general jurisdiction over Hagens Berman, instead, arguing this Court has specific jurisdiction over Hagens Berman. The parties agree the proper test for determining whether specific jurisdiction exists is set forth in *HS Real Co., LLC et al. v. Sher*, 526 F.App'x 203, 206 (3d Cir. 2013):

1.     The defendant must have purposely availed itself of the privileges of conducting activities within the forum.

2.     The Plaintiffs' claim must arise out of or relate to at least one of the contacts with the forum.

3.     The exercise of jurisdiction must comports with traditional notions of fair play and substantial justice.

Plaintiff cannot satisfy the test.

**1.     Hagens Berman is not subject to New Jersey jurisdiction because its attorneys have appeared as pro hac vice in other, unrelated matters.**

Plaintiff does not dispute that Defendant does not have an office in New Jersey. Plaintiff, however, alleges this fact is "irrelevant," claiming there is specific jurisdiction because Hagens Berman attorneys have previously appeared pro hac vice in the forum. Resp. pp. 11-12. That is not the law. In order to create "specific jurisdiction" the claims must relate to at least one of the alleged acts of purposeful availment at issue here. *HS Real Co.* at 206; *Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc.*, 269 F. Supp. 2d 547, 553 (D.N.J. 2003). Hagens Berman's previous dealings in

unrelated cases in the District of New Jersey are insufficient to create specific jurisdiction in the present case because the firm's dealings in unrelated cases do not relate or give rise to Plaintiff's claims here. *Id.*

Plaintiff's argument conflates general jurisdiction (which he concedes does not exist here) with specific jurisdiction. Pro hac vice admissions in other, unrelated cases are only relevant if there are sufficient contacts with the forum to confer general jurisdiction over the defendant. But pro hac vice admissions alone are insufficient to form the basis for general jurisdiction and the Complaint fails to allege sufficient additional contacts with the forum to confer general jurisdiction over Hagens Berman. *Ajax Enterprises, Inc. v. Szymoniak Law Firm*, P.A., No. CIV.A. 05-5903 NLH, 2008 WL 1733095, at *4 (D.N.J. Apr. 10, 2008) ("[P]ro hac vice admission is insufficient to establish general jurisdiction because an attorney's pro hac vice appearance in an unrelated matter in the forum fails to establish general personal jurisdiction"). For these reasons, pro hac vice admissions in unrelated cases are irrelevant when determining whether there is specific jurisdiction.

### 2. Hagens Berman did not avail itself of the privileges of conducting business in New Jersey by occasionally communicating with a local attorney regarding a California class action.

Recognizing there are insufficient contacts with the forum alleged in the Compliant, Plaintiff attached two e-mails to his Response to support his argument this Court has personal jurisdiction over the firm. *See* Resp. Exs. A & B. The e-

mails, however, are irrelevant because they do not relate to the alleged agreement to split fees when the case settles—they only discuss working together on the case generally. Hagens Berman could not reasonably be expected to anticipate that by communicating with a New Jersey resident regarding a pending nationwide case in California, it would be haled into New Jersey courts. *Vetrotex Certainteed Corp. v. Consl. Fiber Glass Prods. Co.,* 75 F.3d 147, 151 (3d Cir.1995) (Specific jurisdiction is invoked when cause of action arises from defendant's forum related activities, such that defendant should reasonably anticipate being haled into court there).

In addition to being irrelevant, the new e-mails should not be considered at this time because they are outside the Complaint. *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir.1993). In ruling on a Motion to Dismiss, the Court cannot consider additional allegations set forth in the plaintiff's moving papers that were never set forth in the plaintiff's pleadings. *Bijeau-Seitz v. Atl. Coast Mortg. Servs., Inc.,* No. CIV. 12-6372 RBK/AMD, 2013 WL 3285979, at *3 (D.N.J. June 28, 2013).

The only direct contact between Plaintiff and Hagens Berman in the Complaint is that Hagens Berman "entered into an agreement with New Jersey counsel." Resp. p. 13. Plaintiff, however, does not allege Hagens Berman discussed, solicited, or otherwise formed the contract in New Jersey. Simply entering into a contract with a state's citizen is not purposeful contact with the state itself. *Sandy Lane Hotel Co., Ltd.,* 496 F.3d, 312, 316 (3d Cir. 2007).

Based on the Complaint, the agreement arose in California and the parties consummated it by e-mail in Texas and Washington. The Complaint does not allege any conversation directed at New Jersey or taking place in New Jersey. *See, e.g.,* Compl. p. 4, ¶ 5. The only communication the Complaint cites is between Hagens Berman and the Lanier Law Firm, both located outside New Jersey. Receiving an e-mail form a Texas resident who copies a New Jersey resident cannot possibly mean Hagens Berman purposely availed itself of the privileges of New Jersey.

The cases Plaintiff cites support Hagens Berman's position. In *Sandy Lane Hotel Co., Ltd.,* the defendant purposely sent advertisements to the forum to encourage residents to travel to Barbados and utilize the hotel's spa services. When a resident visited the hotel and utilized the spa, as advertised, he was injured. *Id*. at 315-316. The Court held these purposeful contacts with the forum were designed to encourage the very activity giving to the complaint. *Id*. at 318. Here, the Complaint alleges no direct communications with the forum. Without a direct communication to Plaintiff discussing the agreement, there is no basis for jurisdiction.

The other cases cited by Plaintiff support this proposition. *See One World Botanicals v. Gulf Coast Nutritionals*, 987 F.Supp. 317, 323 (D.N.J. 1997) (requiring a substantial interaction with the forum to support personal jurisdiction—here, a large shipment of products to a New Jersey distributor with the intent to distribute throughout the Northeast region.); *Vanz, LLC v. Mattia & Associates*,

12

2014 WL 1266220 at *4 (D.N.J. March 26, 2014) (finding defendant availed itself of the jurisdiction by establishing a long term relationship with the forum as evidence by multiple correspondence, e-mails, and calls to the forum.); *Am. Bd. of Int. Med. v. Rushford*, 2015 WL 5164791 at *4 (D.N.J. Sept. 2, 2015) (finding personal jurisdiction is appropriate when the defendant sent over 30 communications to the forum and such communications gave rise to the litigation.).

   **3. Because Plaintiff's claims do not arise out of the *Alston* case, Hagens Berman is not subject to New Jersey jurisdiction by filing, but not litigating, the case in the forum.**

   Even if Defendant arguably availed itself of the privileges of conducting business in New Jersey by filing *Alston*, the filing did not give rise to the Complaint. "In a contract case, courts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach." *O'Conner*, 496 F.3d at 320 (citing *General Elec. Co. v. Deutz AG*, 270 F.3d 144 (3d Cir. 2001)).

   Here, Hagens Berman's only relevant contact with the forum is the *Alston* filing. Although *Alston* was filed in the District of New Jersey, it was litigated in the Northern District of California. Judge Wolfson stayed the case while Mr. Alston sought class certification in California. After Judge Wilken approved the final settlement, Judge Wolfson dismissed *Alston* without any substantive litigation

occurring in the forum. *Alston* was therefore litigated in California, not New Jersey and resolved as part of a certified nationwide class.

More importantly, *Alston* did not give rise to Plaintiff's claims. *Alston* was not even mentioned in the alleged contract, only the "*Hart*, *Keller*, and *O'Bannon* matters." Compl. Ex. A. If *Alston* was never filed, Plaintiff's claims here are the exact same. The alleged breach also has nothing to do with *Alston*. The alleged breach resulted from Defendant not sharing fees and not cooperating with Plaintiff's fee application—actions that took place entirely outside New Jersey and have nothing to do with *Alston*. Because Hagens Berman's limited conduct in the forum is not related to Plaintiff's claims, the second prong is not met.

**C.     The Northern District of California is the appropriate venue.**

Even if the first two prongs are met, the exercise of jurisdiction must comport with traditional notions of fair plan and substantial justice. *See, e.g., Christie v. National Institute for Newman Studies, et al.*, 258 F.Supp.3d 494, 500 (D.N.J. 2017). Where justice permits, a district court may also transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a), 1406(a). Here, the appropriate venue is the Northern District of California.

Plaintiff does not even acknowledge, let alone analyze Hagens Berman's 1404 argument. Judge Wilken is intimately familiar with this underlying case and the issues presented in Plaintiff's Complaint. It is undisputed that Plaintiff already

presented the same claims he raises in the Complaint now to Judge Wilken years ago. Resp. Ex. H at 13, 31. By presenting the same arguments contained in the Complaint to Judge Wilken and seeking intervention, Plaintiff has already acknowledged she is the best person to adjudicate these claims and submitted to the forum's jurisdiction. To the extent it is ambiguous whether she already resolved the issues presented here, Judge Wilken is the only person who can clarify her previous order. Given the tenuous contacts between Hagens Berman and the forum and the substantial contacts between the parties and the Northern District of California, fair play and substantial requires the parties to litigate this case in the Northern District.

For these reasons, this case should be transferred to the Northern District of California if the Court is not inclined to dismiss Hagens Berman as a defendant for lack of personal jurisdiction. *See Job Haines Home for the Aged v. Young,* 936 F.Supp. 223, 234-35 (D.N.J 1996) (recognizing long stating practice of transferring case to another court that is already intimately familiar with the matter.).

## III.    Conclusion

For these reasons, Defendant Hagens Berman Sobol Shapiro asks the Court to dismiss it as a defendant or, in the alternative, transfer this case to the Northern District of California.

DATED: February 13, 2018      By:  s/ Patrick Howard
     Simon B. Paris
     Patrick Howard
     Charles J. Kocher
     **SALTZ, MONGELUZZI, BARRETT**
     **& BENDESKY, P.C.**
     1650 Market Street, 52nd Floor
     Philadelphia, PA 19103
     Phone: (215) 496-8282
     Fax: (215) 496-0999
     sparis@smbb.com
     phoward@smbb.com
     ckocher@smbb.com

     Attorneys for Defendant
     Hagens Berman Sobol Shapiro LLP